

# NUMBER 13-19-00098-CR, 13-19-00099-CR, 13-19-00113-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHARLES HARRY KNIPE III
AKA CHARLES KNIPE,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Longoria

On March 1, 2019,[1] in trial court cause number 17-FC-3409-F, appellant Charles

Knipe pleaded guilty to stalking, a third-degree felony, and pleaded guilty to an

---

[1] Charles Knipe was before the trial court on three separate cause numbers. The trial court accepted his pleas of guilty in two cause numbers and true to a third. Appellate cause number 13-19-00098-CR relates to trial court cause number 17-FC-3409-F; appellate cause number 13-19-00099-CR

enhancement paragraph, making it punishable as a second-degree felony.  *See* TEX. PENAL CODE ANN. § 42.072(b).  He was sentenced to fifteen years imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID).  In trial court cause number 18-FC-2291-F, Knipe pleaded guilty to failure to register as a sex offender, a state jail felony, and was sentenced to twenty months imprisonment in a state jail facility.  *See* TEX. CODE CRIM. PROC. ANN. § 62.102.  Knipe also pleaded true to allegations contained in the State's motion to revoke probation in trial court cause number 15-CR-3943-F, for which he was sentenced to ten years in the TDCJ—ID.  Knipe's sentences were ordered to run concurrently.  Knipe filed a notice of appeal in all three cause numbers and Knipe's counsel has filed an *Anders* brief on each.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  We affirm.

## I.     *ANDERS* BRIEF

In all three appellate cause numbers, Knipe's counsel has filed a motion to withdraw and a brief in support in which he states that he has thoroughly reviewed the records on appeal and has found no non-frivolous issues.  *See id*.  Counsel's briefs meet the requirements of *Anders* as each presents a thorough, professional evaluation of the record explaining why there are no arguable grounds for advancing an appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set

---

relates to trial court cause number 15-CR-3943-F; and appellate cause number 13-19-00113-CR relates to trial court cause number 18-FC-2291-F.

out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Knipe's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Knipe's counsel also informed this Court that he has: (1) notified Knipe that he has filed an *Anders* brief and a motion to withdraw, and that he provided Knipe with copies of both; (2) informed Knipe of his right to file a pro se response and of his right to review the record preparatory to filing that response; (3) informed Knipe of his pro se right to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Knipe with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and Knipe has not filed a pro se motion for access to the appellate record or a motion for extension of time to do so or a pro se brief.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–827 (Tex. Crim. App. 2005). Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id*. at 827.

3

We have conducted an independent review of the record in each cause number, including appellate counsel's briefs, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at, 826–27. We agree with counsel that the records present no arguably meritorious grounds for review and the appeals are frivolous. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827.

## III.   MOTION TO WITHDRAW

In accordance with *Anders*, Knipe's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Knipe and to advise him of his right to file a petition for discretionary review.[2] See TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.   CONCLUSION

Counsel's motion to withdraw is granted. We affirm the trial court's judgment.

---

[2] No substitute counsel will be appointed. If Knipe seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id*. R. 68.4.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of November, 2019.